# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE FOY,<br>CDCR #C-01539,<br><br>                                    Plaintiff,<br><br>vs.<br><br>MARISOIL, Nurse,<br><br>                                    Defendant. | Civil No.   08-0043 JAH (LSP)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION REQUESTING EXTENSION OF TIME TO FILE MOTION TO PROCEED** *IN FORMA PAUPERIS*<br><br>**[Doc. No. 4]** |

## I.

### PROCEDURAL HISTORY

Lee Foy ("Plaintiff"), a state prisoner currently incarcerated at Richard J. Donovan Correctional Facility ("RJDCF") in San Diego, California and proceeding pro se, initiated this civil rights action pursuant to 42 U.S.C. § 1983 in the Eastern District of California.

On January 3, 2008, the case was transferred to this Court for lack of proper venue. However, because Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); or file a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), the case was dismissed the case on January 11, 2008 [Doc. No. 2]. Plaintiff was granted forty-five (45) days, however, to either prepay the full $350 filing fee, or request leave to proceed IFP on a form provided by the Clerk of Court.

1     Approximately two weeks later, on February 1, 2008, Plaintiff submitted a letter
2 requesting an additional 30 days leave in which to complete his IFP and acquire the prison trust
3 account statements required by 28 U.S.C. § 1915(a)(2) ("A prisoner seeking to bring a civil
4 action ... without payment of fees ... in addition to filing the affidavit filed under paragraph (1),
5 shall submit a certified copy of the trust fund account statement ... for the prisoner for the 6-
6 month period immediately preceding the filing of the complaint."). Plaintiff seeks additional
7 time because RJDCF officials "have [him] on hold," and are "delay[ing] the process." (*See* Pl.'s
8 Letter at 2.)

## II.

### STANDARD OF REVIEW

11     This is Plaintiff's first request for an extension of time, he is proceeding without counsel
12 and his request is timely. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.
13 1990) (court has a "duty to ensure that pro se litigants do not lose their right to a hearing on the
14 merits of their claim due to . . . technical procedural requirements."). Thus, the Court finds good
15 cause to grant Plaintiff's request. "'Strict time limits . . . ought not to be insisted upon' where
16 restraints resulting from a pro se prisoner plaintiff's incarceration prevent timely compliance
17 with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino
18 v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967); *see also Bennett v. King*, 205 F.3d 1188, 1189 (9th
19 Cir. 2000) (reversing district court's dismissal of prisoner's amended pro se complaint as
20 untimely where mere 30-day delay was result of prison-wide lockdown).

## III.

### CONCLUSION AND ORDER

23     Accordingly, the Court hereby **GRANTS** Plaintiff's Letter/Motion Requesting an
24 Extension of Time [Doc. No. 4]. Plaintiff is hereby **ORDERED** to either prepay the entire $350
25 civil filing fee pursuant to 28 U.S.C. § 1914(a), *or* complete and file the Court-approved form
26 "Motion to Proceed *In Forma Pauperis*," along with a certified copy of his prison trust fund
27 statement, no later than **Monday, March 31, 2008**.
28 ///

1 | If Plaintiff chooses not to pay the filing fee or fails to submit his IFP Motion within that
2 | time, this action shall remain dismissed for the reasons set forth in the Court's January 11, 2008
3 | Order.

4 | **IT IS SO ORDERED.**

6 | DATED: February 4, 2008

*/s/ John A. Houston*

8 | JOHN A. HOUSTON
United States District Judge