# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE FOY,<br>CDCR #C-01539,<br><br>          Plaintiff,<br><br>vs.<br><br>NURSE MAROSOIL,<br><br>          Defendant. | Civil No.   08-0043 JAH (LSP)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE, GARNISHING $350 FROM PRISONER'S TRUST ACCOUNT [Doc. No. 4];**<br><br>**(2) SUA SPONTE DISMISSING AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(b)** |

Plaintiff, Lee Foy, a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility and proceeding pro se, has filed a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 6].

Initially, Plaintiff filed this action in the Eastern District of California on July 27, 2007. United States Magistrate Judge Dale Drozd determined that the acts alleged in Plaintiff's Amended Complaint arose from incidents that occurred at the Richard J. Donovan Correctional

Facility ("Donovan") and transferred this action to the Southern District of California on January 3, 2008. The operative pleading in this matter based on the docket transferred to this Court is Plaintiff's First Amended Complaint ("FAC") filed on September 14, 2007.

**I.     Motion to Proceed IFP [Doc. No. 6]**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915, as amended by the Prison Litigation Reform Act ("PLRA"), further requires that each prisoner seeking leave to proceed IFP submit a "certified copy of [his] trust fund account statement (or institutional equivalent) ... for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Using these certified trust account statements, the Court must assess an initial payment of 20% of (a) the average monthly deposit, or (b) the average monthly balance in the account for the past six months, whichever is greater, and collect that amount as the prisoner's initial partial filing fee, unless he has no current assets with which to pay. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4); *Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Taylor*, 281 F.3d at 847.

The Court finds that Plaintiff has submitted an affidavit that complies with 28 U.S.C. § 1915(a)(1) [Doc. No. 6] as well as a certified copy of his prison trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and Civil Local Rule 3.2. Plaintiff's trust account currently indicates that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 6], and assesses no initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(1) (court shall assess initial partial filing fee only "when funds exist"); 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). However, Plaintiff is required to pay the full $350 filing fee mandated by 28 U.S.C. §§ 1914(a) and 1915(b)(1), by subjecting any future funds credited to his prison trust account to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(2).

**II.  Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint

1  that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)
2  (discussing 28 U.S.C. § 1915A).

3  "[W]hen determining whether a complaint states a claim, a court must accept as true all
4  allegations of material fact and must construe those facts in the light most favorable to the
5  plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)
6  "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's
7  duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*,
8  839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v.*
9  *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

10  **A.   Constitutional Claims**

11  Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person
12  acting under color of state law committed the conduct at issue, and (2) that the conduct deprived
13  the claimant of some right, privilege, or immunity protected by the Constitution or laws of the
14  United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on*
15  *other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d
16  1350, 1354 (9th Cir. 1985) (en banc).

17  **B.   Eighth Amendment Failure to Protect Claims**

18  While the allegations in Plaintiff's First Amended Complaint are far from clear, it appears
19  that Plaintiff is alleging that Defendant Marosoil was present when he was assaulted by a
20  "parnoid skzo." (FAC at 4.) Prison officials have a duty to take reasonable steps to protect
21  inmates from physical abuse. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To establish a
22  violation of this duty, the prisoner must establish that prison officials were "deliberately
23  indifferent" to serious threats to the inmate's safety. *See Farmer*, 511 U.S. at 834. To
24  demonstrate a prison official was deliberately indifferent to a serious threat to the inmate's
25  safety, the prisoner must show that "the official [knew] of and disregard[ed]] an excessive risk
26  to inmate. . . safety; the official must both be aware of facts from which the inference could be
27  drawn that a substantial risk of serious harm exists, and [the official] must also draw the
28  inference." *Id.*, at 837. To prove knowledge of the risk, however, the prisoner may rely on

1 circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish
2 knowledge. *See Farmer*, 511 at 842.

3      As best as the Court can determine, Plaintiff alleges that on July 3, 2007, he was assaulted
4 by an unnamed individual and claims that Defendant Marosoil hoped that "[Plaintiff] would get
5 seriously hurt." (FAC at 4.) While Plaintiff has alleged some serious allegations, he simply has
6 not provided enough facts from which the Court can determine whether he has stated an Eighth
7 Amendment claim. Specifically, it is not clear to the Court that Plaintiff has alleged sufficient
8 facts to demonstrate that Defendant Marosoil knew of a serious threat to Plaintiff's safety.
9 Accordingly, Plaintiff's Eighth Amendment Failure to Protect claims are dismissed for failing
10 to state a claim upon which § 1983 relief can be granted. If Plaintiff chooses to amend, he
11 should state more specific facts as to the incident in which he claims involved the violation of
12 his constitutional rights.

13      For these reasons, the Court finds that Complaint fails to state a section 1983 claim upon
14 which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C.
15 §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend
16 his pleading to cure the defects set forth above.

17 **III.  Conclusion and Order**

18      Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

19      1.    Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 4] is
20 **GRANTED**.

21      2.    The Secretary of California Department of Corrections and Rehabilitation, or his
22 designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee
23 owed in this case by collecting monthly payments from the account in an amount equal to twenty
24 percent (20%) of the preceding month's income and forward payments to the Clerk of the Court
25 each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).
26 ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER
27 ASSIGNED TO THIS ACTION.

28 ////

1    3.    The Clerk of the Court is directed to serve a copy of this Order on James Tilton, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4.    Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is stamped "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading.  *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g).  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

5.    The Clerk of the Court is directed to mail a form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED:  March 10, 2008

JOHN A. HOUSTON
United States District Judge