# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE FOY,<br>CDCR #C-01539,<br><br>                              Plaintiff,<br><br>vs.<br><br>NURSE MAROSOIL,<br><br>                              Defendant. | Civil No.    08-0043 JAH (LSP)<br><br>**ORDER SUA SPONTE DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO**<br>**28 U.S.C. §§ 1915(e)(2) and 1915A(b)** |

## I.     Procedural History

On July 27, 2007, Plaintiff, Lee Foy, a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility and proceeding pro se, filed a civil rights action filed pursuant to 42 U.S.C. § 1983 in the Eastern District of California. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 6].

This action was transferred to the Southern District of California on January 3, 2008. On March 10, 2008, this Court granted Plaintiff's Motion to Proceed IFP but sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted. *See* March 10, 2008 Order at 5-6. The Court also granted Plaintiff leave to file an Amended

1  Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* at 6.  On

2  April 2, 2008, Plaintiff filed his First Amended Complaint ("FAC").

3  **II.      Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

4         As previously stated in the Court's March 10, 2008 Order, the Prison Litigation Reform

5  Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and

6  by those, like Plaintiff, who are "incarcerated or detained in any facility [and]  accused of,

7  sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions

8  of parole, probation, pretrial release, or diversionary program," "as soon as practicable after

9  docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these provisions, the Court must

10 sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous,

11 malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See*

12 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000)

13 (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

14        Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte

15 dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130.  An action is

16 frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319,

17 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing

18 an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of

19 the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection

20 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint

21 that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)

22 (discussing 28 U.S.C. § 1915A).

23        "[W]hen determining whether a complaint states a claim, a court must accept as true all

24 allegations of material fact and must construe those facts in the light most favorable to the

25 plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

26 "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  In addition, the Court's

27 duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*,

28

839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

**A. Eighth Amendment Failure to Protect Claims**

In his First Amended Complaint, while not entirely clear, Plaintiff appears to allege that Defendant Marisol failed to ensure that Plaintiff's cellmate was taking his medication which led to Plaintiff's cellmate assaulting him. (*See* FAC at 3-4.) Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. *See Farmer*, 511 U.S. at 834. To demonstrate a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed]] an excessive risk to inmate. . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.*, at 837. To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. *See Farmer*, 511 at 842.

The Plaintiff has alleged no facts to indicate that Defendant Marisol actually knew of a serious threat to Plaintiff's safety. The only allegations involved the alleged failure of Defendant Marisol to ensure that his cellmate was taking his medication. (FAC at 4.) There are no facts to suggest that Defendant Marisol knew Plaintiff's cellmate was likely to attack Plaintiff. In addition, the facts suggest that Plaintiff was not injured during the incident and he did not suffer

any "serious harm." Accordingly, Plaintiff's Eighth Amendment Failure to Protect claims are dismissed for failing to state a claim upon which § 1983 relief can be granted.

**B.      Conspiracy**

In addition, Plaintiff alleges that there was a conspiracy between Defendant Marisol and Nigro "to have great bodily harm done with malice and content." (FAC at 3.)  In order to allege a claim of conspiracy under § 1983, Plaintiff must allege facts with sufficient particularity to show an agreement or a meeting of the minds to violate his constitutional rights. *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998); *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989).  Thus, pleading a conspiracy requires more than a conclusory allegation that Defendants conspired to deprive Plaintiff's civil rights. The Ninth Circuit applies a heightened pleading standard to conspiracy claims under Section 1983 and has held that mere conclusory allegations of conspiracy (i.e. bare allegations that a defendant "conspired" with another) are insufficient to state a claim.[1]  *See Harris v. Roderick*, 126 F.3d 1189, 1195 (9th Cir. 1997); *Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  Rather, "[t]o state a claim for a conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 679 n.6 (9th Cir. 2001) (holding that plaintiffs must allege facts which are "specific and concrete enough to enable the defendants to prepare a response, and where appropriate, a motion for summary judgment based on qualified immunity."); *Buckey*, 968 F.2d at 794.

A plaintiff can meet the heightened pleading standard by alleging "which defendants conspired, how they conspired and how the conspiracy led to a deprivation of his constitutional rights." *Harris*, 126 F.3d at 1196.  As currently pleaded, however, Plaintiff's conspiracy claims

---

[1] The Ninth Circuit has specifically held that conspiracy claims are subject to this heightened pleading standard since they require the plaintiff to show that the defendant agreed to join the conspiracy.  *See Harris*, 126 F.3d at 1195; *Margolis*, 140 F.3d at 853; *Mendocino Envt'l Ctr. v. Mendocino County*, 14 F.3d 457, 459 (9th Cir. 1994) (applying identical standard to conspiracy claim in *Bivens* action).  Although the Ninth Circuit recently eliminated the application of a heightened pleading standard to all cases where an improper motive is an element, it did not modify the requirement in regard to allegations of conspiracy.  *See Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

1 | amount to no more than "vague and conclusory allegations of official participation in civil rights
2 | violations," therefore, they fail to state a claim. *See Ivey v. Board of Regents*, 673 F.2d 266, 268
3 | (9th Cir. 1982); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (conclusory allegations
4 | of conspiracy insufficient to support a claim under section 1983 or 1985).

5 |     For these reasons, the Court finds that Plaintiff's First Amended Complaint fails to state
6 | a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal
7 | pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).

## III.    Conclusion and Order

9 |     Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

10 |     Plaintiff's First Amended Complaint is **DISMISSED** for failing to state a claim upon
11 | which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).  Moreover,
12 | because the Court finds amendment of Plaintiff's § 1983 claims would be futile at this time,
13 | leave to amend is **DENIED.**  *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir.
14 | 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would
15 | be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D.
16 | Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in
17 | law, this action should be dismissed without leave to amend; any amendment would be futile.")
18 | (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

19 |     The Clerk shall close the file.

20 | DATED:  May 7, 2008

22 |     JOHN A. HOUSTON
    United States District Judge